NATHANIEL BUCKMASTER et al., Appellants, *v.* ZEPHANIAH B. JOB, Appellee.

### APPEAL FROM ST. CLAIR.

The acknowledgment of a deed executed out of the territory, under the act of 1807, should have the certificate of the officer taking it, authenticated by the proper public seal of the executive authority where he resides; without this, it will be defective.

It will not be presumed that a seal was annexed to a certificate, and omitted to be entered by the recorder; the presumption is, that the recorder performed his duty.

It will not be presumed that the laws of the territory of Missouri authorized justices of the peace to take the acknowledgment of deeds. It must be proved as a fact.

The certificate of the governor of the territory of Missouri, not under seal, does not furnish evidence that a particular person was a justice of the peace in that territory.

THESE suits originated in Madison county, but were removed to the county of. St. Clair. They were tried at August term, 1853, before UNDERWOOD, Judge.

W. MARTIN and H. W. BILLINGS, for appellants.

G. TRUMBULL and J. GILLESPIE, for appellees.

Buckmaster et al. *v.* Job.

TREAT, C. J.  Buckmaster and Evans brought an action of debt against Job, to recover the statutory penalty for cutting trees on a tract of land in Madison county.  They also brought an action of replevin against Job, to recover a quantity of cordwood made out of the same trees.  The pleadings required the plaintiffs to prove title to the land on which the trees were cut. Both cases were submitted to the same jury.  The plaintiffs proved that the land was entered by Joseph Bartlett, on the 12th of September, 1814.  They proposed to lay the foundation for the introduction of copies of certain recorded deeds, but the defendant dispensed with proof of the absence of the originals, and consented that certified copies might be offered in evidence, subject to any just exception.  They then read in evidence the certified copy of a deed from Bartlett and wife to Rufus Easton, dated and acknowledged on the 14th of February, 1815, and recorded on the following day.  They also offered the certified copy of a deed from Easton and wife to John Finley, bearing date the 27th of December, 1817, and recorded on the 3d of August, 1818.  This deed was acknowledged on the 31st of December, 1817, before T. V. Garner, a justice of the peace of the county of St. Louis, and territory of Missouri; and the governor of the territory certified that Garner was regularly commissioned as such justice of the peace.  It was stated in the body of the certificate that it was made under the territorial seal, but the record of the deed failed to show that any seal was affixed.  The court excluded the deed.  They then offered certified copies of deeds from Finley and wife to Clayton Tiffin, and from Tiffin and wife to the plaintiffs; and also proof tending to show that the trees were cut by the defendant on the land in question.  This evidence was rejected.  The jury found the issues for the defendant, and judgments were rendered thereon.

The main question in the cases relates to the acknowledgment of the deed from Easton to Finley.  The act of the 17th of September, 1807, in force when this deed was executed, provided: "All deeds and conveyances, made and executed by any persons not residing within this territory, and brought hither to be recorded in the county where the lands lie, the acknowledgment thereof being taken and made in manner hereinbefore directed, before any mayor or chief magistrate, or officer of the cities, towns, or places, where such deeds or conveyances are, or shall be made or executed, and certified under the common or public seal of such cities, towns, or places, shall be as valid and effectual in law, as if the same had been made and acknowledged in manner aforesaid."  It will not be necessary to determine what officers were authorized by that act, to

28 *

take the acknowledgment of deeds made out of the territory. The certificate of the officer, taking the acknowledgment of such a deed, was to be authenticated by the proper public seal. His official character was to be proved by the appropriate seal. If a justice of the peace in the territory of Missouri was within the provisions of the law, and his official character could be proved by the territorial seal, the execution of the deed in question was not verified in the mode prescribed. It does not appear from the record, that the seal of the territory was attached to the governor's certificate. This court cannot intend, that the seal was annexed to the certificate, and omitted to be entered by the recorder. The presumption rather is, that the recorder performed his duty, and transcribed the deed into the record precisely as it was presented.

Nor was the copy admissible under the act of the 30th of December, 1822. That act provides, " That all deeds and conveyances, for the conveyance of lands, tenements, and hereditaments, lying within this State, which have been executed and acknowledged, in conformity with the laws of the State or territory in which they were executed, and which have heretofore been reduced to record in the recorder's office, shall be deemed and held to be duly executed and recorded in as full and perfect a manner as if the said deeds and conveyances were proved and acknowledged according to the laws of this State." This provision is not broad enough to embrace this deed. There is nothing in the cases to show, that the deed was executed in conformity to the laws of Missouri. This court cannot presume that the laws of that territory authorized justices of the peace to take the acknowledgment of deeds. That is a matter of statutory regulation or local usage, of which the courts of another State cannot take judicial notice. It must be proved as a fact, by the production of the statute, or by evidence of the usage. But if justices of the peace had such authority, there would still be no proof of the official character of the person before whom this deed was acknowledged. The certificate of the governor not being under the seal of the territory, furnished no evidence that Garner was a justice of the peace.

The acts of the 21st of July, 1837, and the 26th of February, 1841, are not applicable. The former act made the registry of a deed defectively acknowledged, notice to subsequent purchasers and creditors; but it expressly declared that the deed should not be admissible in evidence, without due proof of its execution. The latter act validated a deed acknowledged or proved in conformity to the laws of the State or territory where made, provided the clerk of a court of record within such State

Buckmaster et al. *v.* Job.

or territory certified under the seal of the court, that the deed was so acknowledged or proved. The plaintiffs offered no evidence of the execution of this deed under the first act; nor did they exhibit any certificate under the last act, until the deed was acknowledged or proved pursuant to the laws of Missouri.

Nor is the deed within the provisions of the act of the 15th of February, 1851. That act declares that the certified copy of a deed, made in another State or territory, and recorded in the proper county in this State, shall be admitted in evidence, if the party offering the same shall produce the certificate of a clerk of a court of record of that State or territory, verified by the seal of the court, that the deed is executed and acknowledged, or proved in conformity to the laws of such State or territory. No such certificate was offered in support of the certified copy of this deed.

The plaintiffs were not entitled to introduce a copy of the record of this deed under any of these statutes. They could not have introduced the original deed without further proof of its execution. No greater effect could be given to a certified copy. As this deed was properly excluded, it will not be necessary to inquire as to the admissibility of the other evidence. It could not avail the plaintiffs, unless they were able to deduce title from Easton.

The judgment must be affirmed.

*Judgment affirmed.*