## HENRY J. HEWES

### *v.*

## JACOB GLOS *et al.*

*Opinion filed December 22, 1897.*

1. EVIDENCE—*bill to set aside a judgment of sale—complainant must prove controverted allegation of ownership.* An allegation of ownership by complainant is essential to a bill to set aside a judgment of sale for delinquent taxes and certificates of sale thereunder, and, when denied by the defendant, must be proved by the complainant.

2. SAME—*mere production of deed is not alone sufficient to prove ownership.* The mere production of a warranty deed to the complainant, without proof of possession by the grantor or possession or acts of ownership by the complainant, is not sufficient to support the complainant's allegation of ownership which is denied by defendant.

3. IMPROVEMENTS—*whether an improvement is local in character is a question of fact.* Whether or not an improvement proposed to be constructed by a municipal corporation is local in its character, so that it can be made by special assessment, is a question of fact.

4. SAME—*decision of corporate authorities as to character of improvement is subject to review.* The decision of corporate authorities as to the character of an improvement is subject to review by the courts, and such authorities cannot arbitrarily determine that an improvement shall be treated as local which is general in its character.

5. SAME—*laying water mains in particular street is a local improvement.* The laying of water mains for the distribution of water along a particular street, for the use of residents thereon, is a local improvement, which may be paid for by special assessment.

6. SAME—*the construction of a general system of water-works is not a local improvement.* The construction of a general system of water-works, for fire protection and general use, is not a local improvement which may be paid for by special assessment.

7. MUNICIPAL CORPORATIONS—*determination of council as to character of improvement may be questioned in direct proceeding.* The determination of a city council that a general system of water-works is a local improvement is erroneous, and the passage of an ordinance in accordance therewith is an improper exercise of corporate power, which may be questioned in a direct proceeding.

8. SAME—*ordinance providing for general improvement by special assessment not void.* An ordinance which provides for the construction of a general improvement by special assessment is not void, so as to deprive the court of jurisdiction to confirm the assessment, and such judgment of confirmation cannot be attacked in a proceeding to set aside the judgment of sale for the delinquent assessment.

*Glos* v. *Hewes,* 69 Ill. App. 75, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

MASTERSON, FOWLER & HAFT, for appellant.

ENOCH J. PRICE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Henry J. Hewes, the appellant, filed his bill in the circuit court of Cook county, against Jacob Glos, Philip Knopf, county clerk, and D. H. Kochersperger, county treasurer of Cook county, the appellees, together with other defendants, asking to have certain assessment proceedings and judgment for the sale of his property, and sales and certificates thereof, set aside and declared null and void, and to enjoin said county clerk from issuing deeds to the purchasers and the defendants from taking

any further proceedings under the same. The defendants except appellees were defaulted, but appellees answered the bill, and on a hearing the court granted the relief prayed for. Appellees appealed to the Appellate Court, where the decree of the circuit court was reversed and the bill was dismissed at the cost of appellant, and he appealed to this court.

In his bill complainant averred that he was the owner of certain lots in the village of Winnetka; that on March 1, 1892, the village board passed an ordinance for the construction, by special assessment, of a system of water-works for fire protection and for domestic use by the inhabitants, and other purposes, with a system of distribution pipes; that his property was assessed for the improvement, but not in his name; that he had no notice of the proceedings for confirmation or judgment for sale until on or about September 1, 1893; that his property was not contiguous to nor benefited by the improvement, and that his lots were sold October 31, 1895, under the judgment of the county court, to the defendant Jacob Glos and other defendants named.

The only evidence produced at the hearing was on the part of complainant. It consisted of a warranty deed to him of forty-five acres of land covering the location of the lots, the special assessment proceedings in the county court, in which the lots in question were assessed in the names of B. A. Ulrich & Co., and evidence that notices were sent by mail to all parties whose names appeared on the assessment roll, but not to complainant, who first heard of the proceedings in August, 1893. Complainant admitted at the hearing that the defendant Glos paid for the certificates of purchase, to the county treasurer, at the sale, the sum of $503, in accordance with his bids.

The averment of the complainant that he was the owner of the lots was essential to the maintenance of his bill, and it was denied by the defendant Glos. It was necessary for complainant to prove it. (*West* v. *Schnebly,*

54 Ill. 523; *Hopkins* v. *Granger*, 52 id. 504; *Emery* v. *Cochran*, 82 id. 65; *Hutchinson* v. *Howe*, 100 id. 11; *Langlois* v. *Stewart*, 156 id. 609.) The only evidence offered to sustain the averment was the warranty deed, without proof of possession by the grantor or of possession or acts of ownership under it by complainant. Possession under a claim of ownership, or a deed from a grantor in possession, may be sufficient *prima facie* evidence of ownership, but the mere production of a deed from one who is not shown to have had any possessory or other title is not sufficient. Reliance is placed upon the case of *Gage* v. *Parker*, 103 Ill. 528, as holding that a deed alone is sufficient; but in that case there was testimony by complainant of the purchase of the property, and it does not go to the extent of holding that a deed alone will support the averment.

The special assessment proceedings offered in evidence by the complainant were in all respects regular and sufficient. Notices were posted and published as required by the statute, and it is not claimed that there was any defect in them or any fraud against complainant. The only ground of relief alleged in the bill which it is claimed supports the decree of the circuit court arises out of the ordinance itself. The claim made is, that the ordinance was void and could not give the county court jurisdiction to make and confirm the assessment, and that therefore the judgment of confirmation, and the subsequent judgment for sale on the application of the county treasurer, were void.

That the village of Winnetka had power to levy special assessments for local improvements is, of course, conceded. When it is proposed by a municipal corporation to make an improvement, the question whether it is local in its character, so that it can be made by special assessment, is a question of fact, and not of law. (*Wilson* v. *Board of Trustees*, 133 Ill. 443.) The decision of the corporate authorities upon that question is subject to review by the court, and they cannot arbitrarily determine that

the improvement shall be treated as local when it is in fact general in its character. (*City of Bloomington* v. *Chicago and Alton Railroad Co.* 134 Ill. 451.) In this case, the village had power to provide for a system of water-works for fire protection and for the use of the inhabitants of the village, and the laying of water main pipes for the distribution of water along particular streets, for the use of the inhabitants, was a local improvement for which a special assessment could be levied. (Hurd's Stat. p. 310; *Hughes* v. *City of Momence*, 163 Ill. 535.) But in reviewing cases where corporate authorities have attempted to construct a general water-works system for fire protection and general uses by special assessment, we have held that such improvement is not local in its character, and that an assessment for such a purpose should not be confirmed by the court. (*Village of Morgan Park* v. *Wiswall*, 155 Ill. 262; *Village of Blue Island* v. *Eames*, id. 398; *Hughes* v. *City of Momence*, 164 id. 16.) A determination by the corporate authorities that such an improvement is local in its character is erroneous, and the passage of such an ordinance is an improper exercise of the corporate power, which may be challenged by the property owner.

But while the decision of corporate authorities is subject to review, it cannot be said that the ordinance is absolutely void, so that no rights can grow up under it and that the court cannot obtain jurisdiction by a petition filed in pursuance of it. It has not been held that such an ordinance as this is absolutely void in its character, so that a judgment of confirmation can be attacked collaterally, and all the cases have been where the question was raised by direct proceeding on a review of the judgment. The term "void" has been used indiscriminately in some cases as applied to ordinances which are nullities and those which may be avoided as an unreasonable or improper exercise of authority. An ordinance may be unreasonable in its provisions although dealing with a subject concerning which the municipal authori-

ties have power to legislate, and such ordinances have been termed void; but that is so only in the sense that their unreasonable character is a good defense against their enforcement. The statute furnishes no definition of a local improvement, and the determination of that question in a particular instance is left, in the first place, to the corporate authorities, but they must act reasonably and without fraud, or their action will be invalid. (*Louisville and Nashville Railroad Co.* v. *City of East St. Louis*, 134 Ill. 656.) An arbitrary determination of the question contrary to the fact was accordingly annulled in *City of Bloomington* v. *Chicago and Alton Railroad Co. supra*, and *City of Chicago* v. *Law*, 144 Ill. 569. When the question came up as to this particular kind of improvement for the first time in *Village of Morgan Park* v. *Wiswall, supra*, the question discussed and decided was not whether the ordinance was a nullity, but whether the determination of the village board was subject to review, and it was held that it was. The action of the county court in reviewing that determination and refusing to enter judgment was affirmed. It was therefore within the province of the county court to determine whether the water-works system was a local improvement or not, and if it erred in that particular it was error only to be corrected by appeal or writ of error.

The judgment of confirmation was in October, 1892, and the complainant knew of it in August, 1893. He did nothing in the matter until after the sale, which took place more than two years afterward, October 31, 1895, and the bill in this case was filed January 8, 1896. The county court had jurisdiction, and if its judgment of confirmation was erroneous it might have been reversed on a writ of error, but it is not subject to attack in the manner attempted in this case. The conclusion of the Appellate Court on that subject was right. It is objected, however, that the Appellate Court dismissed the bill absolutely as to all parties, although other defendants than appellees had been defaulted and a decree had

been taken against them to which they made no objection. Doubtless that fact was not noticed or brought to the attention of the Appellate Court, but as to the defendants who had defaulted and did not appeal the decree should have been permitted to stand.

The judgment of the Appellate Court will be modified so as to dismiss the bill at the cost of complainant, the appellant in this court, as against the defendants who appealed and are appellees in this court, and as so modified the judgment is affirmed.

*Judgment modified.*