James Pease, Sheriff, *et al.*

*v.*

Margaret E. Sanderson.

*Opinion filed December 20, 1900—Rehearing denied February 16, 1901.*

1. Cloud on title—*complainant must make a prima facie case of ownership.*   In order to sustain a bill to remove a cloud from title the complainant need not prove title as against all the world or with the same strictness as in ejectment, but by evidence sufficient to make a *prima facie* case of ownership.

2. Evidence—*what sufficient to make a prima facie case of ownership.* The introduction in evidence, in a proceeding to remove a cloud from title, of deeds showing title in the complainant, derived, as alleged, from the owner of the fee, is sufficient to make a *prima facie* case of ownership.

3. Same—*when evidence is properly disregarded by chancellor.* In a proceeding to remove cloud from title, evidence, admitted over objection, that complainant merely held title under an oral agreement to re-convey, is properly disregarded by the chancellor, where there are no allegations under which such proof is admissible.

4. Same—*when absence of seal from release is not shown.*  That the certified copy of the record of a release showed no seal is not suffi-

cient to overcome the force of evidence that the release was under seal, based upon the original instrument showing a seal in the form of a scroll, and the testimony of one witness that the same was put upon the instrument at the time of its execution.

5. COSTS—*when sheriff is properly included in a decree for costs.* A sheriff is properly included, with other defendants, in a decree for costs upon setting aside the sheriff's sale and certificate as a cloud upon complainant's title, where he made the sale and issued the certificate with full notice that complainant claimed the property free from the judgment lien by virtue of a release, then of record, from the judgment creditor, and where, by his answer, he denied that complainant had any interest in the property.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

CHILDS & HUDSON, for plaintiffs in error.

WARVELLE & CLITHERO, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant in error, Margaret E. Sanderson, filed her bill in the court below to vacate a sheriff's execution sale and to set aside and remove as a cloud upon her title the certificate of purchase issued to plaintiff in error Charles Hudson, the purchaser at said sale, of eighty-two acres of land in Cook county, mentioned in the record as lots 7 and 12.

It appears from the pleadings and proofs that on July 13, 1896, one Edward W. Edwards obtained a judgment in the circuit court of Cook county against George and George M. Dearlove for $4651, and that at that time George M. Dearlove was the owner in fee simple of said land and of other tracts, and said judgment thereupon became a lien on the same. Afterward, on November 14, 1896, by his deed of general warranty, George M. Dearlove, for the expressed consideration of $68,000, conveyed said lots 7 and 12 to said Sanderson, the defendant in error. The Dearloves had appealed from said judgment, but it was afterward finally affirmed by this court. The

plaintiff in error Hudson was the attorney of Edwards
in procuring the judgment against the Dearloves, and on
February 16, 1898, Edwards, who then lived in the State
of Iowa, assigned the judgment to him.  Afterward, on
April 7, 1898, one John B. Overmeyer, for the considera-
tion of $100 paid to Edwards, obtained from him a writ-
ten release to Sanderson of said lots 7 and 12 from the
lien of said judgment, and filed it for record the next
day.  Hudson's assignment of the judgment was not filed
for record until April 11, 1898, but on April 9 Hudson
caused execution to be issued on the judgment and placed
in the hands of the sheriff, Pease, who is one of the plain-
tiffs in error.  Sanderson served written notice on the
sheriff of the release to her by Edwards of said judgment
lien and that the land was no longer subject to sale to
satisfy the same, and by her agent appeared at the sale
and repeated the notice, but against her protest the
sheriff proceeded with the sale and the land was sold to
Hudson on his bid of $750.  The court below vacated the
sale and set aside as a cloud on the complainant's title
the certificate of purchase, and ordered Hudson to de-
liver it to the clerk for cancellation, and that he and
Pease pay the costs.  This writ of error was sued out to
reverse that decree.

It is first contended that the pleadings put in issue
the title of defendant in error to the land, and that the
evidence showed that Overmeyer was the real owner, and
that defendant in error, Sanderson, merely held the legal
title in trust for him, and that having no beneficial inter-
est in the property she cannot maintain her bill.  It is
well settled that to sustain a bill by an alleged owner to
remove a cloud from his title he must prove title, not as
against all the world and with the same strictness as in
ejectment, but by evidence sufficient to make a *prima facie*
case of ownership.  (*Hewes* v. *Glos,* 170 Ill. 436; *Rucker* v.
*Dooley,* 49 id. 377; *Glos* v. *Huey,* 181 id. 149; *Glos* v. *Ran-
dolph,* 138 id. 268; *Hibernian Banking Ass.* v. *Commercial Nat.*

*Bank,* 157 id. 576.) In the case at bar the bill alleged that on November 14, 1896, George M. Dearlove was the owner in fee of the land, and on said day, being such owner, by his deed of conveyance duly conveyed the same to the complainant, who thereupon entered into and has since remained in possession of the same. The answers denied these allegations, and denied that the complainant was the owner of the land. The proof was sufficient to sustain the allegations of the bill.

But plaintiffs in error contend that it was shown that Overmeyer paid the whole of the consideration for the land and that Sanderson paid nothing, and that Overmeyer had the land conveyed to her for convenience merely, with the oral agreement that she was to convey it on his request,—in other words, that he was the beneficial owner, and that she, the complainant, had no real interest in the property, and could not, therefore, maintain her bill to remove the alleged cloud upon the title. Whether such proof would be sufficient, under proper pleadings, to defeat the bill it is unnecessary to decide. It is sufficient to say that the deeds given in evidence showed title in the complainant, derived, as alleged, from the owner in fee, and that there were no allegations in the pleadings under which defendants' proof was admissible to disprove such title. The evidence relied on by plaintiffs in error was objected to, and it was properly disregarded by the chancellor. We are of the opinion that the evidence of ownership and possession was sufficient, under the issues, to authorize the finding.

It is next contended that the release of Edwards to Sanderson was not admissible in evidence, because, as it is said, it was not executed under seal, but that the seal was attached by Overmeyer after the instrument was executed and recorded. The evidence tended to prove that the ordinary form of the scroll seal was on the paper before it was signed by Edwards. The only evidence to the contrary was a certified copy of the rec-

ord, which copy showed no seal, but the original instrument as given in evidence was under seal. Edwards testified that he executed the release for the consideration of $100, which was paid to him at the time, but that he did not remember whether the scroll was then on the paper or not. Another witness (Overmeyer) testified that it was, and that it was made when the instrument was prepared. It is unnecessary to consider whether a seal is necessary to such a release, as it is to a deed, or not, for the absence of a seal from the certified copy was not sufficient to overcome the force of the evidence that the original instrument was executed under seal. In *Buckmaster* v. *Job*, 15 Ill. 328, relied on by plaintiffs in error, the original deed was not given in evidence, and the certified copy failing to show that the certificate of the officer taking the acknowledgment was authenticated by the proper public seal, it was held that it could not be presumed that such seal was annexed to the original and omitted from the record by the recorder, but it would be presumed that the recorder did his duty and transcribed the instrument as it was presented for record. No such presumption, however, would have been indulged, as against the original instrument, had it been given in evidence with the proper seal annexed.

The next alleged error important to be noticed is, that Sanderson, through her agent, Overmeyer, had notice of the assignment of the judgment by Edwards to Hudson before she obtained her release. Hudson testified that Overmeyer had previously applied to him to procure a release of the lien on lots 7 and 12, and that he informed Overmeyer that the judgment had been assigned to him. Edwards also testified that when Overmeyer presented the release to him for execution he told him that he had assigned the judgment to Hudson. This was disputed by Overmeyer. But taking it for granted such notice was proved, still we are of the opinion that the evidence shows the assignment was merely for pur-

poses of collection, and that the release of Edwards, the judgment creditor, was effectual to release the lien. No part—at least no considerable part—of the judgment debt had then been paid, but afterward, and after the release had been recorded, Hudson collected upwards of $4000 in payment, to that extent, of the judgment and paid Edwards $1200 of the amount, and in the absence of any evidence that Hudson had any interest in the judgment in excess of what he has already received for his services as attorney for Edwards and from his accounting to Edwards, the chancellor was justified in finding that Edwards was the owner of the judgment and that his release of the lien was valid and binding upon all parties. No evidence was adduced by Hudson tending to prove that he had any further interest in the judgment, or that he had not been fully paid all demands for the payment of which he may have undertaken to secure himself by taking an assignment of the judgment from his client.

It is said, lastly, that it was error to award costs against Pease, who only acted as sheriff in making the sale. Pease, by his answer, denied the material allegations of the bill and that complainant had any interest in the property, and, with full notice that complainant claimed to own the property free from the lien of the judgment by virtue of a release then of record from the judgment creditor, he created the cloud sought to be removed, by making the sale and issuing to Hudson the certificate of purchase. It was not error to include him with Hudson in the decree for costs.

We find no error of law or fact in the record, and the decree will be affirmed.                *Decree affirmed.*