Hurlbut, J.,
rendered the opinion of the court.,
June 22, 1908, C. E. Paul, as .appellant, filed his petition in the district court of Phillips county, praying the court to determine and declare'his title to the S. E. % of' Sec. 31, Twp. 8 N., B. 42 W., situate in Phillips county, Colorado, and for an order requiring registration of the same. The petition was founded upon an act of the legislature, Session Laws 1903, page 311 et seq., sometimes spoken of as “The Torrens Land Begistration Act.” The petition appears to conform to the statute, and alleges in part that the deed conveying the land from Frederick D. Easier to appellant McKibbin was filed for record June 5, 1908, but the same was of no force or effect against applicant because he was a bona fide purchaser for value, without notice of the deed to McKibbin.
To this petition, McKibbin, appellant, filed an an- ' swer, alleging among other things that the applicant had no legal or equitable right to have his title registered; that he, McKibbin, owned all right, title'and interest in and to the land; that the applicant Paul claimed an interest in the premises by virtue of a tax deed which was void on its face, and void in fact, for the reason that no proper notice of the sale of the land had been given; and that the land was sold at tax sale to Phillips county on the first day thereof. It is further alleged that applicant also claims title by virtue of a quit claim deed from one F. D. Easier, patentée, to S. E. Johnson, dated February *136 9,' 1908, and a warranty deed from said Johnson to- applicant ; that, prior to the execution of the deed from Hasler to Johnson, Hasler, the then patent owner of the premises, on December 5, 1907, executed his warranty deed to McKibbin for the land; that neither Johnson nor applicant were bona■ fide purchasers of the land as against McKibbin’s unrecorded deed; and that defendant is the sole owner of the premises against whom there exists no enforcible claim, estate, interest or title, in and to the premises.
Applicant by replication denied all new matters alleged in McKibbin’s answer.
There was also ah answer filed to applicant’s petition by one E. N. McPherrin, claiming an interest in the land by virtue of two mortgages, but as the issue tendered is not involved in this appeal no further notice will be given to it.
The case was tried to the court and decree rendered in favor of applicant, therein adjudging the title to the land to be in him and ordering its registration, subject to the two mortgages under which McPherrin claims, declaring, however, that such mortgages were not a lien upon the premises. This appeal is prosecuted from said decree.
Appellant in the first paragraph of Ms brief informs us that he will discuss but one question on this appeal, being that which relates to the ruling of the trial court in excluding from evidence the said warranty deed from Hasler to appellant. We will take appellant at his word and devote our attention solely to this question. As above shown, this deed bears date December 5, 1907, and purports to have been executed and delivered that day. The grantor therein is F. D. Hasler, and the grantee R. G-. McKibbin, and it is in every respect a warranty deed. It purports to have been acknowledged in Greene county, state of Indiana, on the day of its date, by Lafe Scott, *137 justice of the peace in and for that county. The deed has attached to it a certificate hy Clyde O. Yoho, clerk of the district court of said Greene county, and reads as follows:
“State of Indiana, Greene County, ss.
“Í, Clyde O. Yoho, Clerk of the Circuit Court, within and for Greene County, State of Indiana, do hereby certify that Lafe Scott, whose certificate of acknowledgment appears to the instrnment of writing to which this is attached, was on the date and at the time of making such certificate, to wit, the 5th day of December, 1907,' a Justice of the Peace (he was appointed to take oath of office September 29, 1896, and has been acting since that date to the present time) within and for said Greene County, duly commissioned and qualified, whose term of office began on the 29th day of September, 1896, and will expire on the......day of......, 19.., and that full effect and credit ought to be given to his official acts, and that the signature purporting to be his is genuine.
“IN WITNESS of which I have hereunto affixed the seal of said Court and subscribed my name at Bloomfield, Indiana, this 23d day of December, A. D. 1907.
“ (Official Seal) ' CLYDE O. YOHO.
“Piled for record the 5th day of June, A. D. 1908, at 11:30 o ’clock A. M.
“LEON KEPLER, Clerk.
“By Mattie Slagle, Deputy.”
When the record of the deed was offered in evidence applicant objected to its introduction for several reasons, the only one necessary to notice being “that there is no certificate attached to this, as provided by our statute, showing the authority of the justice of the peace to take acknowledgments in Indiana where the deed is executed.” Section 684, Revised Statutes, 1908, refers to the manner and method of acknowledging or proving written instruments purporting to convey land or any interest therein, *138 located in this state. The first subdivision of the section enumerates what officials have power to take acknowledgments of such instruments when executed within this state; the third, how acknowledgments are to be taken in foreign countries and beyond the limits of the United States. The second enumerates those who are authorized to take acknowledgments of such instruments' out of this state, but within the United States (as in the case before us). In the list of officials enumerated as possessing such authority, justices of the peace do not appear. After enumerating by official title what officers may take such acknowledgments, the statute continues:
“before any other officer authorized by the laws of any such state or territory to take and certify such acknowledgments ; provided there shall be affixed to the certificate of such officer, other than those above enumerated, a certificate of the clerk of some court of record of the county, state or territory, wherein such officer resides, under the seal of such court, that the person certifying such acknowledgment is the officer he assumes to be; that he has the authority, by the laws of such state or territory, to take and certify such acknowledgment, and that the signature of such officer to the certificate of acknowledgment is the true signature of such officer. ’ ’
The record fails to disclose any other proof of the execution of the deed than that contained in the deed itself, leaving but one question to decide, viz.: Was the certificate of Yoho, clerk of the circuit court, sufficient in form and recital to comply with our statute and render the acknowledgment effective as proof of the execution of the deed? From the statute above quoted it is plain that the legislature intended to provide a method of taking acknowledgments to written instruments, not only in our own state, but in every state or territory of the Union, as well as'in foreign countries. A justice of the peace not being mentioned in the statute as a proper offi *139 cer before whom acknowledgments may be taken in a sister state or territory, it becomes necessary, by force of tbe statute, that if such official in another state assumes to certify an acknowledgment of a deed conveying real property in Colorado, the certificate of a clerk of a court of record in such state must, under the seal of the court, affirmatively show that the justice of the peace is authorized under the laws of that state to take and certify such acknowledgment. The omission of such a statement in the clerk’s certificate renders the purported acknowledgment defective and insufficient, and leaves the deed lacking in proper proof of its' execution. We do not think such statement must necessarily be in the identical language of the statute, but it must be so clear and unequivocal that it can be readily seen from the clerk’s certificate that the officer certifying to the acknowledgment had power or authority under the laws of his state to act.
Appellant’s counsel urgently insists that the phrase found in the clerk’s certificate, viz.: “that full effect and credit ought to be given to his (justice of the peace) official acts,” is tantamount to a statement that the justice of the peace had authority by the laws of Indiana to take and certify the acknowledgment. Appellant does not favor us with any citation from any text book or decision in support of his contention. The statement of the clerk that the official acts of the justice .of the peace are entitled to full faith and credit conveys no information as to whether or not the justices had authority under the laws of Indiana to take and certify acknowledgments. This information is just what the legislature required should appear in the clerk’s certificate to establish due execution of the deed and entitle it to admission in evidence without further proof of its execution. A justice of the peace in Indiana probably has power and authority to perform many and divers official acts, among which *140 may or may not be that of taking and certifying acknowledgments to written instruments. The information required to appear in the clerk’s certificate is not whether or not faith and credit should be given to the official acts of the justice of the peace, but rather, did he have authority under the laws of the state of Indiana to take and certify an acknowledgment to a deed. This power is necessary to the validity of an acknowledgment to a deed, taken in a sister state, when the deed purports to convey land in Colorado, and if this power is not clearly shown by the clerk’s certificate, the acknowledgment is defective and leaves the deed wanting in proof of its execution. It cannot be contended that the court will presume a justice-of the peace in a sister state or territory has authority to take acknowledgments to written instruments. The legislature certainly did not indulge in any such presumption, for it required a certificate of an officer of a court of record to impart the information required under the seal of the court. The clerk’s certificate was fatally defective, and insufficient to show a proper acknowledgment of the deed, therefore the trial court ruled correctly in excluding it from evidence. The following cited cases are somewhat in point upon the question under consideration: Buckmaster v. Job, 15 Ill., 328; Tully v. Davis, 30 Ill., 103, 83 Am. Dec., 179.
The record showing the judgment to be right, the same will be affirmed.

Judgment Affirmed.