BOARD OF IMPROVEMENT OF AUDITORIUM IMPROVEMENT DISTRICT NO. 46 *v.* MOORE.

Opinion delivered October 4, 1926.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—AUDITORIUM.— A city has no authority to pass an ordinance creating an improvement district to construct an auditorium, and such an ordinance is subject to collateral attack after expiration of the time for review.

2. MUNICIPAL CORPORATIONS—VALIDITY OF ORDINANCES.—The validity of a municipal ordinance may be collaterally attacked where the ordinance is void for lack of power to enforce it.

Appeal from Miller Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*J. M. Carter* and *B. E. Carter,* for appellant.

*G. G. Pope,* for appellee.

SMITH, J. This is an appeal by an improvement district from a decree of the Miller Chancery Court holding the district void and enjoining any further steps toward the making of the contemplated improvement, a suit for that purpose having been brought by appellee, an owner of real estate within the proposed district.

The district was organized in the city of Texarkana under the general statutes of the State governing the formation of improvement districts in cities and towns. No question is made concerning the regularity of the procedure whereby the district was established, including the passage and publication of the ordinance levying the assessment of benefits, and no suit was filed within the thirty days allowed by law for attacking such proceedings.

The proceeding to organize the district was begun on May 12, 1925, by the filing of a petition, containing the signatures of more than ten resident owners of real property in the proposed district, with the city council, praying the council to lay off certain territory in the city into an improvement district for the purpose of building a municipal auditorium. This was more than five months prior to the rendition of the opinion of this court in the case of *Lipscomb* v. *Lenon,* 169 Ark. 610, 276 S. W. 367.

The testimony of a number of witnesses was offered to the effect that a municipal auditorium would enhance the value of the property of the city within the district; but an objection to this testimony was sustained upon the ground that the power of the council to organize an improvement district to construct an auditorium was one of law, and not one of fact.

For the reversal of the decree of the court below holding the improvement district invalid and enjoining all proceedings thereunder, it is insisted that, when the petitions asking for the creation of the district and that the improvement be made were filed with the city council, there was presented to the council a mixed question of law and fact as to whether a municipal auditorium was a local improvement that would confer special and peculiar benefit on the real property of the district; that the law provides for a direct attack upon the decision of this question by the council, and provides that a failure to appeal from that decision within the time limited by law forever precludes any attack on the correctness of the action taken by the council, unless that action was so palpably arbitrary that no reasonable tribunal could have honestly reached the conclusion that the prayer of the petition should be granted.

In support of this contention it is argued that neither the section of the Constitution authorizing local improvement districts nor the statute enacted in aid thereof undertakes to say what is or is not a local improvement that can be constructed by the improvement district method, and that the decision of the question is therefore

left for the decision of the council in the first instance, and that this decision may be reviewed by the courts if a suit for that purpose is brought within the time allowed by law, and, if not brought within that time, the statute makes the finding of the council final and conclusive.

In support of this argument the case of *Hewes* v. *Glos,* 170 Ill. 436, 48 N. E. 922, is cited. This is a decision by the Supreme Court of the State of Illinois. It had previously been held by the Supreme Court of that State that the construction of a municipal waterworks system for fire protection and general uses was not a local improvement within the meaning of the statute of that State authorizing cities and towns to construct local improvements by the assessment of betterments against the property in the district where the proposed improvement was located.

The village of Winnetka, in that State, passed an ordinance for the construction of a system of waterworks for fire protection and for domestic use by the inhabitants of the district, and for other purposes, and the levy of the assessment of the benefits was approved by the county court of the county in which the village was situated, as was required by the law of that State. No property owner appealed from the order of the county court within the time allowed by law in which suits might be brought to attack an ordinance of that kind. After the expiration of the time allowed by statute for the institution of such suits, a suit was brought by a property owner in which the validity of the improvement district was questioned. The court held (to quote a head-note): "A village ordinance levying a special assessment for the construction of a general waterworks system, the village having power to construct such system, is not absolutely void, but void only as being an improper exercise of corporate power; and assessment proceedings had thereunder cannot be attacked in an action to annul them, but only on review, by appeal or writ of error, of the judgment of the county court confirming the same."

The court said the proceeding was a collateral attack on the order of the county court approving the assessments, which could not be sustained because the action of the council and the order of the county court were voidable, and not void. The court stated, however, that, if the action of the council was void because of lack of jurisdiction, then the order of the county court confirming the assessment of benefits could be collaterally attacked. In other words, the decision in that case rested on the answer to the question whether the action of the city council in passing the ordinance was merely erroneous or was void for lack of jurisdiction.

When the effect of the decision of this court in the case of *Lipscomb* v. *Lenon, supra,* is considered, it is apparent that the Illinois case from which we have quoted affords no authority for reversing the decree of the chancellor from which this appeal is prosecuted. This is true because, under the authority of the Lipscomb case, the ordinance was void on account of a lack of power in the council to pass it.

In the Lipscomb case the court reviewed the prior decision of this court in the case of *Matthews* v. *Kimball,* 70 Ark. 451, where it was held that an improvement district might be organized to acquire a city park, and the court said that, while the doctrine of that case had never been impaired, it approached the verge of constitutional sanction in holding that the entire real estate within the city limits might be included within an improvement district for the purchase and maintenance of a city park. The majority then proceeded to say: "Certainly, the doctrine there announced should not be so extended by interpretation as to confer authority upon the Legislature to itself create or delegate to other agencies the power to create improvement districts, such as we now have under review, to be paid for solely by the owners of real property in such districts."

Thus, we have an express holding that neither the Legislature itself nor any agency created by it has authority to create an improvement district to construct

an auditorium, to be paid for by the owners of real property in the proposed district.

It is true the improvement district created to construct an auditorium which was held invalid in the Lipscomb case was created by a special act of the General Assembly, and not by a city council upon the petition of a majority of the property owners, as was done in the instant case; but this difference does not operate to deprive the Lipscomb case of controlling effect here.

If the Legislature could not itself determine that the construction of an auditorium could be the subject of an improvement district, it follows that it could not delegate to a subordinate agency the power to determine that it was. So also, if it is a demonstrable abuse of power for the General Assembly to determine that an auditorium might be constructed as a local improvement, it necessarily follows that no power so to do inheres in an agency created by the Legislature to pass upon the question. In other words, the General Assembly could confer no greater power than it possesses itself, and, if the General Assembly had no power to authorize the creation of an improvement district to construct an auditorium, no agency created by the General Assembly could have that power.

As the majority of the court have no disposition to recede from the holding in the Lipscomb case, it necessarily follows that the council of the city of Texarkana had no authority to pass an ordinance creating the improvement district, and the court was therefore correct in refusing to consider the testimony offered in the case.

It must be conceded that the suit below is a collateral attack on the validity of the district, but, as was stated in the Illinois case upon which appellant relies, such an attack may be maintained where the ordinance attacked is void for the lack of power to pass it.

The decree of the court below is therefore affirmed.