(No. 19979.
MORTON L. JOHNSON *et al.* Appellants, *vs.* THE VILLAGE OF BELLWOOD *et al.* Appellees.

*Opinion filed February 21, 1930—Rehearing denied April 4, 1930.*

HENRY M. ASHTON, and STEPHEN F. RIORDAN, for appellants.

LANGWORTHY, STEVENS, McKEAG & McCORNACK, and WINTERS, STEVENS, RISK & GRIFFITH, (BENJAMIN FRANKLIN LANGWORTHY, and JULIAN CLAY RISK, of counsel,) for appellees.

Mr. JUSTICE SAMUELL delivered the opinion of the court:

This is an appeal by thirty-five of forty-one complainants from a decree entered in the circuit court of Cook county dismissing for want of equity their bill of complaint filed March 20, 1929, as tax-payers of the village of Bellwood and as owners of property assessed for a storm-sewer improvement, against the village of Bellwood, its president, clerk and treasurer and the contractor for the construction of the improvement. The bill prayed for an injunction to restrain the execution of the contract, the construction of the improvement, payments to the contractor, and the collection of any special assessments levied on properties of the complainants for the cost of the improvement.

The oral testimony taken at the hearing before the master in chancery to whom the cause was referred is not abstracted, but the following facts appear from the recitals in the bill, the answer filed thereto and the decree entered by the circuit court:

On July 30, 1928, a public hearing was held on a proposed ordinance to provide for a certain storm-sewer system in the village of Bellwood, and adjourned public hearings were held on August 6, 13 and 22, 1928. The ordinance providing for the sewer system was passed on September 4, 1928, and a petition filed in the county court on September 22, 1928, for the confirmation of assessments to carry out the proposed improvement. The report and assessment roll were filed in the county court on October 5, 1928. All objectors were given until November 8 to file objections and until November 27 for the purpose of

filing specific legal objections. The case was set for trial for December 4, 1928, and was on the trial call almost every court day from that date until January 7, 1929, when the final judgments were entered. Some of the complainants appear to have attended the public hearings and were familiar with the proposed scheme of improvement. In August, 1928, some of the complainants organized the objectors in opposition to the improvement, and for that purpose employed Charles E. Miller, an attorney at law, to represent them in filing objections to the improvement, authorizing him to employ other counsel. Miller in turn employed the law firm of Doherty & Fitzpatrick to act on behalf of the objectors. The complainants claim that they employed Miller with the understanding that he, or persons employed by him, should defeat the application entirely, or that the tax, if any, should be spread over all of the property in the village. On January 7, 1929, an order was entered in the county court confirming the assessment roll, with certain modifications as to the amount of the assessments, and the order was consented to and bore the approval of Doherty & Fitzpatrick, representing the objectors. Appellants claim by their bill that Doherty & Fitzpatrick were without authority to approve the order, and that such approval was in direct violation of instructions which they had given to said attorneys. The December term of the county court of Cook county expired on January 14, 1929, and on January 16, 1929, appellants filed their petition in the county court praying that the order of January 7, 1929, be vacated. The December term of court having expired, the county court denied the petition, and certain of the petitioners prayed and were allowed an appeal to the Supreme Court. That appeal was afterwards dismissed.

On March 20, 1929, appellants and certain other property owners and tax-payers filed their bill of complaint setting up the foregoing facts, claiming that the ordinance

providing for the improvement was void and the county court was without jurisdiction to enter the order approving the assessment roll, and praying for an injunction as above stated. The cause was referred to a master in chancery of the circuit court of Cook county, who filed his report recommending that the bill be dismissed for want of equity. Objections were filed to the report, which were ordered to stand as exceptions. The exceptions were overruled by the chancellor and a decree was entered in accordance with the recommendation of the master, dismissing the bill for want of equity.

Many assignments of error are briefed and argued in the brief of appellants, but their principal contention is that the ordinance, and the proceedings in the county court confirming the same, were void; that the improvement provided for by the ordinance was not a local improvement within the meaning of section 9 of article 9 of the constitution of the State of Illinois for the reason that it extended into the villages of Hillside and Westchester, and that it was apparent on the face of the proceedings in the county court that that court was without jurisdiction to hear and determine the cause. As we view the case, the only question which it is necessary to decide is whether or not the proceedings in the county court were void.

The question as to whether a given improvement is a local improvement within the meaning of section 9 of article 9 of the constitution of this State is primarily a matter for determination by the corporate authorities. While the question as to whether such improvement is local or general is a question of law, the question whether or not the facts in a particular case bring an improvement within the definition of a local improvement is a question of fact to be determined from all the facts and circumstances established by the evidence. (*City of Waukegan* v. *DeWolf,* 258 Ill. 374; *Village of Downers Grove* v. *Bailey,* 325 id. 186.) When it has been determined by the corporate au-

thorities that a given improvement is a local improvement within the meaning of the constitution, their action is subject to review by the county court. (*Village of Morgan Park* v. *Wiswall,* 155 Ill. 262; *Hughes* v. *City of Momence,* 164 id. 16.) If the county court erroneously holds such improvement to be a local improvement, its decision is subject to review upon direct appeal.

The decision of the corporate authorities that a given improvement is a local improvement is subject to review by the courts, but such an ordinance is not absolutely void. (*Hewes* v. *Glos,* 170 Ill. 436.) In that case the village of Winnetka had adopted an ordinance providing for a general waterworks system to be paid for by special assessment, and the assessments were thereafter confirmed by order of the county court of Cook county. Subsequently, Hewes, a property owner whose property had been assessed and sold for failure to pay the assessment, filed his bill in chancery to enjoin the county clerk from issuing deeds to the purchasers, upon the ground that the ordinance, and the proceedings in the county court confirming the same, were void. After reviewing the cases in which this court has held that a general waterworks system is not a local improvement, and cannot, therefore, be paid for by special assessment, we said: "But while the decision of corporate authorities is subject to review, it cannot be said that the ordinance is absolutely void so that no rights can grow up under it and that the court cannot obtain jurisdiction by a petition filed in pursuance of it. It has not been held that such an ordinance as this is absolutely void in its character so that a judgment of confirmation can be attacked collaterally, and all the cases have been where the question was raised by direct proceeding on a review of the judgment. The term 'void' has been used indiscriminately in some cases as applied to ordinances which are nullities and those which may be avoided as an unreasonable or improper exercise of authority. An ordinance may be unreasonable in

its provisions although dealing with a subject concerning which the municipal authorities have power to legislate, and such ordinances have been termed void; but that is so only in the sense that their unreasonable character is a good defense against their enforcement. * * * It was therefore within the province of the county court to determine whether the waterworks system was a local improvement or not, and if it erred in that particular it was error, only, to be corrected by appeal or writ of error."

In this case it is not contended that the subject matter of the ordinance was one upon which the municipal authorities had no power to legislate, but merely that their decision to the effect that the proposed improvement constituted a local improvement was erroneous. This was a question which could, and should, have been raised in the county court. The order of the county court was approved by attorneys authorized to represent appellants. While it is contended by appellants that such approval was made without authorization, the evidence upon this question was not preserved, and the decree must therefore be held to be conclusive on that point. No appeal was taken from the entry of that order, and we are of the opinion that the present proceeding, being a collateral attack upon that judgment, cannot be sustained. *Hewes v. Glos, supra.*

Counsel for appellants cite *Loeffler v. City of Chicago,* 246 Ill. 43, as authority for the proposition that the proceedings in the county court were void and therefore that the same may be attacked in a collateral proceeding. In that case, however, the ordinance providing for the improvement was adopted under the provisions of section 97a of the Local Improvement act, (Hurd's Stat. 1909, p. 480,) and the decision of the court was that section 97a was unconstitutional, and therefore that any proceedings passed thereon were void. The court there said: "The decision of this question [the constitutionality of section 97a] is decisive of the entire case. We therefore forbear comment

on the other points raised on the record." No such question is involved in this case, and the judgment of the county court confirming the assessment is not subject to collateral attack.

The decree of the circuit court is affirmed.

*Decree affirmed.*