# GEORGE LOWE

*v.*

# ELIJAH C. EMERSON.

1. LANDLORD AND TENANT—*ejectment against the latter.* A judgment in ejectment against a tenant, of which the landlord has had no notice, is in no wise conclusive upon the latter.

2. The statute requires that whenever a tenant is sued in ejectment, he shall notify his landlord of such suit, and if he fails in the performance of this duty, and a judgment is rendered against him, in favor of a third person, he will not be permitted either to attorn to such person, or purchase his title, and set it up against his landlord..

3. SAME—*when landlord fails to defend possession of tenant after notice.* But if the landlord, after notice of such suit against his tenant, fails to protect him in his possession, the tenant may then protect himself, by purchasing the paramount title, or by taking a lease under it.

4. SAME—*tenant cannot attorn to—or purchase a stranger's title.* Although a tenant may attorn to a purchaser of his landlord's title, or purchase it himself, if sold under judgment and execution, yet he cannot attorn to a stranger, or purchase and set up his title against his landlord, although it may be the paramount title.

5. SAME—*possession must be surrendered by tenant—before he can assert title acquired from a stranger.* In such case, when the tenant has acquired title from a stranger, he must restore to his landlord the possession he received from him, before he can assert such title against him.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Messrs. J. R. & I. N. BASSETT, for the appellant.

Messrs. FROST & TUNNICLIFF, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, brought by Emerson, the appellee, against Lowe, the appellant. It was agreed, upon the trial in the circuit court, that Lowe took possession of the premises in controversy as the tenant of one Shellenbarger, in the spring of 1859, and that he continued to occupy said land until the 17th day of August, 1864, when possession was demanded of him by the United States Marshal, by virtue of a writ of possession, issued upon a judgment in ejectment in favor of one Gould, and against said Lowe; that thereupon Lowe consented to yield possession, and took a lease from one Wetmore, who claimed as grantee of Gould; that Lowe afterwards bought of Wetmore; and that he had continued in possession until the commencement of this suit, the only change having been in his attornment to Wetmore as landlord, at which time he did not give up the actual possession. The plaintiff, Emerson, claimed as grantee of Shellenbarger, the landlord, under whom Lowe took possession, and in the view we have taken of the case, it is unnecessary further to state his title. The defendant put in evidence a chain of title from the patentee, down through Gould and Wetmore, to himself, and also the record in the ejectment. But the point upon which the whole case turns, was a further fact, admitted in the stipulation, that Lowe gave no notice to his landlord, Shellenbarger, or to any one else, that an action of ejectment had been brought against
21—48TH ILL.

him, and it was also admitted that he allowed judgment to be taken against him by default.

We held, in the case of *Oetgen* v. *Ross*, 47 Ill. 142, that a judgment against the tenant in an action of ejectment of which the landlord had no notice, no more bound the landlord than would a judgment in any other legal proceeding to which he was not a party. Counsel for appellee, in the present case, cite *Rogers* v. *Rippey*, 25 Wend. 432, and *Wheeler* v. *Byerss*, 4 Hill, 466, as announcing a similar principle. In this case, then, the record in the ejectment simply shows, that such a judgment was rendered by default against Lowe, but it does not show, nor is it to be inferred, that it was rendered upon a title paramount to that of the landlord, or that a judgment would have been rendered against him at all, if the landlord had had the opportunity of defending.

Now, though we may concede it be true, as urged by the counsel of appellant, and as held in *Foster* v. *Morris*, 3 A. K. Marsh. 609, and *Lumsford* v. *Turner*, 5 J. J. Marsh. 105, cited by counsel, that a tenant who has been evicted in fact, or against whom a judgment of eviction has been rendered in favor of a third person, may attorn to such person, or purchase his title, and set it up against his landlord, yet this can not be true, if such eviction or judgment of eviction is in any degree attributable to a neglect of the tenant's duty to his landlord. The tenant cannot be permitted to take advantage of his own wrong. One of his duties, existing at common law, and expressly enjoined by statute, under a penalty of forfeiting two years' rent, is that, when sued in ejectment, he shall notify his landlord of such suit. The performance of this duty is of the last importance to the landlord. If the tenant does perform it, and the landlord fails to protect him in his possession, he may then protect himself by purchasing the paramount title, or by taking a lease under it. But if he neglects this duty, and thereby prevents the landlord from protecting either the tenant's possession or his own reversion, he is guilty

of practical bad faith, and when called upon by the landlord to surrender back the possession, he cannot be permitted to refuse to do so under the plea that he has been evicted by a paramount title, under which he now claims to hold. Although a tenant may attorn to a purchaser of his landlord's title, or purchase it himself if sold under judgment and execution, yet all the authorities concur in saying, that he cannot attorn to a stranger, or purchase and set up his title, although it may be the paramount title. This is among the most familiar rules of the law, and is not controverted by the appellant's counsel. They only rely upon the judgment of eviction, but we are wholly unable to perceive any difference in principle between a voluntary attornment to a stranger without suit, and the neglect to give the landlord an opportunity to defend when suit is brought, and an attornment to the plaintiff in the ejectment after recovery. In both cases there is a want of that fealty to the landlord which the relation requires. In both cases the tenant is jeopardizing the landlord's title. In the one case, he does what the law forbids; in the other, he neglects what the law requires. In one case, he gives to a stranger a possession he is bound to keep ; in the other he permits it to be taken from him without allowing his landlord the right to defend it. Although a stranger who, without collusion with the tenant, has obtained a judgment against him, may enter and set up his title against the landlord, notwithstanding the latter had no notice, yet the security of property imperatively requires that no such privilege shall be accorded to the tenant. He can not refuse to deliver back the possession, on the ground that he holds under, or has acquired, the title of the plaintiff in the ejectment. Nor is it material that he is able to show that such title is the paramount title. Whatever it may be, he can not set it up against his landlord, until he has restored the possession he received from him. The landlord can not be required to litigate that title with the tenant, except upon the vantage ground of that possession which belongs to him.

Counsel cite the cases above quoted from the Kentucky Reports as laying down a different rule. In one of them, the landlord evidently had notice of the pendency of the suit against his tenant. In the other it does not appear whether he had or not. If he had not, we can only say, we can not regard the decision as an authority to be followed.

The defendant in this case must restore to his landlord the possession he received from him, and he may then bring his ejectment, and assert whatever title he acquired by his purchase.

*Judgment affirmed.*