HIRAM COOMBS

*v.*

CHARLES M. HERTIG.

*Filed at Ottawa June 13, 1896.*

1. EJECTMENT—*when proof of prima facie title is sufficient.* A plaintiff in ejectment against a mere intruder, who sets up no title in himself or fails to show any title, need prove only *prima facie* title sufficient to raise a presumption of ownership.

2. SAME—*sufficiency of proof against a mere intruder.* Proof of a deed to a prior grantor in possession of the land, and of a series of conveyances from him to the plaintiff, is sufficient evidence of title as against a mere intruder, although plaintiff attempts to prove a complete chain of title from the government and fails to do so.

APPEAL from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

WILSON, MOORE & MCILVAINE, for appellant.

OLIVER & MECARTNEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee recovered a judgment in ejectment against the appellant in the circuit court of Cook county. On the trial plaintiff attempted to prove title by a chain of conveyances from the government to himself, and it is claimed that there was a failure in proving some of the links in that chain. We, however, shall not examine into those questions, for the reason that plaintiff showed an undisputed chain of conveyances from Henry W. B. Hoyt to himself, and we think the evidence justified the recovery under the title so proved, derived from Hoyt.

There was a warranty deed from one Jo Y. Field, dated October 5, 1871, to Hoyt, and there was evidence that Hoyt was in possession through his tenant for several years, during which the premises were leased for raising cabbages and cutting hay. It is true that in two peti-

tions under the Burnt Records act Hoyt stated that the premises were vacant and had not been occupied; but such statements were not conclusive of the fact as against the plaintiff, and there was sufficient evidence to warrant the conclusion that he was mistaken. The defendant offered no evidence and showed no title whatever. He appeared merely in the attitude of an intruder upon the premises.

While in an action of ejectment the plaintiff must recover upon the strength of his own title, yet against a mere intruder, who sets up no title in himself or fails to show any title, he need prove only *prima facie* title sufficient to raise a presumption of ownership. The possession by Hoyt under his deed was *prima facie* evidence of title in him, and that title passed by regular conveyances to the plaintiff. This was sufficient as against the defendant, who showed no title whatever. (*Herbert* v. *Herbert*, Breese, 354; *Mason* v. *Park*, 3 Scam. 532; *Barger* v. *Hobbs*, 67 Ill. 592; *Keith* v. *Keith*, 104 id. 397.) In *Barger* v. *Hobbs*, *supra*, it is said (p. 597): "And it is perfectly well settled, both upon common law authority and by decisions of this court, that in an action of ejectment proof of prior possession by the plaintiff, claiming to be the owner in fee, is *prima facie* evidence of ownership and seizin, and is sufficient to authorize a recovery unless the defendant shall show a better title." And in *Keith* v. *Keith*, *supra*, it is said (p. 402): "Prior possession alone is evidence of a fee, and although the lowest, until rebutted by a higher it must prevail."

This is conceded to be the rule, but it is urged that it applies only where the plaintiff offers no other evidence of title, and that in this case the plaintiff, by seeking to prove his title by a complete chain of conveyances, and failing to do so, has overcome the presumption arising from Hoyt's possession under his deed. In other words, the argument is that possession under claim of title being evidence, although slight, of actual ownership, such evi-

dence is overcome and destroyed if the claimant undertakes to prove a better title and fails.   We do not think that is the law.   As against the defendant the plaintiff established his title by showing possession of Hoyt under his deed, and the fact that he undertook to prove more than was required could not affect his right to recover.

We are satisfied with the judgment, and it will be affirmed.

*Judgment affirmed.*