THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY, Plaintiff in Error, *vs.* DAVID BARRETT, Defendant in Error.

*Opinion filed December 6, 1911.*

1. RES JUDICATA—*determination of question by court of competent jurisdiction is binding upon the parties.* When a court having jurisdiction decides a controversy the question involved is settled forever between the parties to the suit and persons in privity with them, and neither can again litigate with the other any fact or question actually or directly in issue which was passed upon and determined by the court.

2. SAME—*fact that former adjudication was upon same question must be established.* To give application to the doctrine of *res judicata* it must appear that the former adjudication was upon the same question presented in the subsequent suit, and if that

fact does not appear from the record or decree in such suit it may be shown by extrinsic evidence.

3. Same—*certificate of evidence is part of the decree and shows what issues were tried.* The evidence in a chancery case may be preserved either by reciting the facts proved in the decree or by a certificate of evidence, and the certificate of evidence is part of the decree and shows what issues were tried.

4. Same—*when dismissal of a bill is conclusive against complainant's claim of title.* A dismissal on the merits, for want of equity, of a bill to remove a cloud from title and quiet title in the complainant under his claim of ownership by adverse and exclusive possession of the land for twenty years is conclusive as between the parties that the complainant has no title, where the only issue presented was the nature of the complainant's possession and whether it was adverse to the defendants.

5. Same—*when dismissal of bill cannot rest upon the ground of a remedy by ejectment.* The dismissal, for want of equity, of a bill by one in possession of land to quiet title and remove a cloud cannot be said to rest upon the ground that the complainant had an adequate remedy at law by ejectment, since the complainant, being in possession, could not bring an ejectment suit.

6. Same—*when the dismissal of a cross-bill is not res judicata against defendant's title.* Where a bill to quiet title and remove a cloud, filed by a person in possession of the land, is dismissed for want of equity, the subsequent dismissal, on demurrer, of the cross-bill of a defendant who claims title from the government is not an adjudication that such defendant has no title, but such dismissal is proper because the defendant, not being in possession, would have a remedy at law by ejectment.

7. Ejectment—*when refusal to admit transcript of record of chancery suit in evidence is error.* It is error, in an ejectment suit, to refuse to admit in evidence, at the instance of the plaintiff, the record of a former chancery suit brought by defendant against the plaintiff to remove a cloud and quiet title, where such record shows that the complainant's claim of title by adverse possession was determined against him and that the defendant's claim that the complainant held possession as lessee of defendant's grantor was sustained.

8. Same—*tenant cannot dispute his landlord's title.* A tenant is estopped to dispute the title of his landlord or the landlord's grantees, or to claim adversely to such title, without first surrendering possession; and if the fact of such tenancy is established in a chancery suit between the parties it is not necessary for the landlord, in a subsequent ejectment suit, to go back of the decree to prove title as against the tenant.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding.

JESSE B. BARTON, for plaintiff in error.

JOHN J. COBURN, FRED W. BENTLEY, and DAVID T. ALEXANDER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, the Chicago Terminal Transfer Railroad Company, brought its action of ejectment in the circuit court of Cook county against the defendant in error, David Barrett, for the possession of those parts of five lots in the town of Brighton, in said county, lying east of the right of way of the Chicago Junction Railway Company. The cause came to trial before the court and a jury upon the issue formed by a declaration alleging ownership in fee by the plaintiff and a plea of not guilty. The court directed the jury to find the defendant not guilty, and after the return of the verdict so directed, the court overruled motions for a new trial and in arrest of judgment and entered judgment on the verdict. A writ of error was sued out of this court and the record has been brought here for review.

The plaintiff offered in evidence a transcript of the record of a suit in equity in the circuit court of Cook county in which the defendant, David Barrett, was complainant, and the plaintiff, the Chicago Terminal Transfer Railroad Company, and others, were defendants, which was instituted to quiet the title of Barrett and remove tax deeds and conveyances under the same as clouds upon such title. The transcript was objected to and the court sustained the objection. The plaintiff proved that it had acquired the title of the other railroad companies which were defendants in the equity suit, and this was the only evidence ad-

mitted by the court.   The questions to be determined are
whether the transcript of the record was admissible in evi-
dence, and if so, whether it would have been sufficient to
authorize a judgment for the plaintiff.

When a court having jurisdiction decides a controversy,
the question involved is settled forever between the parties
to the suit and persons in privity with them, and neither
can again litigate with the other any fact or question actu-
ally or directly in issue which was passed upon and deter-
mined by the court.  *Hanna* v. *Read,* 102 Ill. 596; *Til-
ley* v. *Bridges,* 105 id. 336; *Wright* v. *Griffey,* 147 id.
496; *Union Pacific Railway Co.* v. *Chicago, Rock Island
and Pacific Railway Co.* 164 id. 88; *Dempster* v. *Lansingh,*
244 id. 402; *People* v. *Chicago, Burlington and Quincy
Railroad Co.* 247 id. 340.

The transcript of the record of the former suit of-
fered in evidence by the plaintiff and excluded by the court
showed the following facts:   Barrett filed his bill on No-
vember 11, 1902, alleging that he was the owner in fee of
the property in controversy in the subsequent ejectment
suit; that he derived his title under the twenty years Stat-
ute of Limitations by open, exclusive and adverse posses-
sion for more than twenty years, and that there had been
certain tax sales, under which deeds had been executed and
conveyances made, which were void on account of defects
in the proceedings.   The bill was amended several times
and a supplemental bill was filed and amended, and the bill
in its final form made the averments already stated, and
also that the Chicago Terminal Transfer Railroad Company
had in its possession a writing purporting to be a lease to
Barrett from the Chicago, St. Louis and Pittsburgh Rail-
road Company to the property in question, dated Decem-
ber 1, 1884.   Barrett charged that the lease was not his
deed and if the signature was his genuine signature it was
obtained by fraud and circumvention.   Several railroad
companies, including the Chicago Terminal Transfer Rail-

road Company, were made defendants with individuals, and the bill contained an offer to pay the amount due under the tax sales and prayed that the tax deeds and conveyances under the same be set aside and declared null and void as clouds upon the title of Barrett; that his title be confirmed and quieted and defendants forever enjoined from disputing the same and from interfering in any manner with his possession and enjoyment of the property, and also for general relief. Only two of the defendants answered. The Chicago and Alton Railroad Company by its answer denied that Barrett was the owner in fee of the premises described, and called for proof of the other averments of the bill. The Chicago Terminal Transfer Railroad Company by its answer denied that Barrett was the owner in fee, or otherwise, of the property or any part of it, or that he had derived title by possession for twenty years or any other period, and alleged that whatever possession he had was by the consent of that company and its predecessors in title, and that his occupation was as tenant of the said company and its said predecessors. The Chicago Terminal Transfer Railroad Company also filed its cross-bill on December 1, 1903, claiming title through *mesne* conveyances from the government, and alleging that it and its grantors had been in actual possession, through its tenant, for more than twenty years. David G. Hamilton, who was a defendant to the original bill, was also made a defendant to the cross-bill as holder of tax deeds alleged to be void, and the prayer of the cross-bill was that the tax deeds be set aside and Barrett be ordered to surrender possession. The cause was heard and the original bill was dismissed for want of equity on December 4, 1903. Barrett had demurred to the cross-bill, and that bill was retained for further adjudication. A certificate of evidence was filed, containing all the evidence heard by the court. Barrett and several witnesses testified that he had been in the exclusive possession of the property for more than twenty years,

and there was no contradictory evidence on the question of possession, which was not in controversy in any manner. A stipulation of facts was made showing defects in the tax proceedings which would render the deeds, and the conveyances under them, void. The Chicago Terminal Transfer Railroad Company did not dispute the fact of possession by Barrett, but offered in evidence a lease dated December 1, 1884, from the Chicago, St. Louis and Pittsburgh Railroad Company to Barrett, of the premises in controversy for a rental of $25 per annum, subject to cancellation on thirty days' notice, together with the testimony of two subscribing witnesses to the execution of the lease by Barrett and the evidence of other witnesses that his signature was genuine. The railroad company also proved that it had succeeded to the title of the Chicago, St. Louis and Pittsburgh Railroad Company through successive conveyances. Witnesses for Barrett gave testimony in rebuttal tending to show that the signature on the lease was not his genuine signature. Upon consideration of the evidence the court dismissed the bill for want of equity, and afterward, on May 24, 1904, sustained the demurrer of Barrett to the cross-bill. The action of ejectment was begun on September 26, 1904.

The bill in equity filed by Barrett contained two material averments upon which he based his prayer for relief: First, his ownership of the premises, by virtue of the Statute of Limitations, through open, exclusive and adverse possession for twenty years; second, the invalidity of certain tax deeds and conveyances made by the holder of the tax titles. To meet a claimed defense the bill alleged that the lease in the possession of the Chicago Terminal Transfer Railroad Company was void. That company made no denial of the possession of Barrett but denied that such possession was adverse, and alleged that it was held by him as tenant under the lease executed by its predecessor in title. The invalidity of the tax deeds was agreed upon and there

was no question about them. The issue formed and the question tried related solely to the nature of Barrett's possession and whether it was adverse to the Chicago Terminal Transfer Railroad Company. That issue was found against Barrett by the decree, which dismissed his bill for want of equity. A stipulation having been made that the tax deeds were clouds upon the title of Barrett, if he had any, the court necessarily would have removed such clouds if it had found that Barrett had any title. The decree dismissing the bill for want of equity rested, and could have rested, upon no other ground than want of proof of title in Barrett.

To give application to the doctrine of *res judicata* it must appear that the adjudication was upon the same question presented in the subsequent suit, and if that fact does not appear from the decree or record it may be shown by extrinsic evidence. But in this case a resort to extrinsic evidence is not necessary, since it is shown on the face of the record that the matter litigated in the chancery suit was the same as in the ejectment suit. The certificate of evidence filed was a part of the decree and shows what issue was tried. Under the early practice, when suits in equity were heard upon depositions they were copied in the decree, but after the statute authorized oral evidence in chancery cases the practice of reciting in the decree the facts proved became common, and it was held that the evidence might be preserved in that way or by a certificate of evidence or a master's report. The evidence may be preserved by either method. (*Glos* v. *Beckman,* 168 Ill. 74.) In whatever form the evidence is preserved it is a part of the decree. *White* v. *Morrison,* 11 Ill. 361; *Cooley* v. *Scarlett,* 38 id. 316; *Bennett* v. *Bradford,* 132 id. 269; *Conductors' Benefit Ass'n* v. *Leonard,* 166 id. 154; *Gorman* v. *Mullins,* 172 id. 349; *Crow* v. *Harrison,* 248 id. 462.

The one question litigated in the equity suit was common to both suits, and that was the title of Barrett. The action of ejectment under our statute is an original action

for the recovery of title as well as possession. (*Guyer v. Wookey*, 18 Ill. 536.) The plaintiff in ejectment must show title in himself, and so must the complainant in a bill to set aside a cloud and quiet title. (*Wing v. Sherrer*, 77 Ill. 200.) Unless the complainant shows title in himself he cannot complain that there is a cloud upon the title. (*Hutchinson v. Howe*, 100 Ill. 11.) Where the title of the complainant in a bill to remove a cloud is put in issue he must prove a *prima facie* title superior to that of the defendant, and in ejectment proof of a *prima facie* title is sufficient as against a mere intruder who fails to set up or prove title in himself. (*Coombs v. Hertig*, 162 Ill. 171.) It makes no difference as to the form of action, and a judgment in an action of trespass to real estate is *res judicata* in an ejectment suit between the same parties involving the same land, where a plea of *liberum tenementum* was filed in the trespass suit and the question of the ownership of the land was tried. (*Herschbach v. Cohen*, 207 Ill. 517.) The dismissal of Barrett's bill on the merits for want of equity was a final and conclusive adjudication that he did not have the title which he claimed.

An attempt is made to sustain the action of the court in excluding the transcript on the ground that the bill might have been dismissed because there was an issue of fact as to the execution of the lease and the court might have left the complainant to his remedy at law, and reliance is placed on such cases as *Lundy v. Lundy*, 131 Ill. 138, and *Lundy v. Mason*, 174 id. 505, where it was held that a court of equity had no jurisdiction because there was a complete and adequate remedy at law by ejectment. Those cases do not apply in any way to the question here. A case cited with much confidence to sustain the ruling of the court is *Phelps v. Harris*, 101 U. S. 370, but that case also does not apply here both because Barrett's possession was not in dispute or the fact doubtful, and because, being in possession, he could not have had a remedy at law. A

bill to quiet title is entertained in equity because a party is not in a position to force the holder of or one claiming an adverse title into a court of law to test its validity. (*Alton Ins. Co.* v. *Buckmaster,* 13 Ill. 201.) Barrett was in possession and could not have had an action of ejectment, so that his remedy was in equity, and the court could not have dismissed his bill because there was a remedy at law.

It is also urged that the court dismissed the cross-bill of the railroad company, and that such dismissal was *res judicata* that the railroad company had no title. The original bill had been dismissed upon finding the issue of fact against the complainant therein, and his demurrer to the cross-bill was sustained and the cross-bill was dismissed. The railroad company was out of possession, and could have brought, and did soon afterward bring, an action of ejectment, so that the court of equity had no jurisdiction, and if the court had retained the cross-bill it could not have granted the relief asked for. The dismissal of the cross-bill did not settle any question between the parties.

The court erred in refusing to admit in evidence the record in the equity suit, which would have shown that the issues made in that suit between Barrett and the Chicago Terminal Transfer Railroad Company had been finally and conclusively settled; that Barrett, when he filed his bill on November 11, 1902, was not the owner in fee of the property in controversy in the ejectment suit; that he had not had the open, exclusive and adverse possession of the same for twenty years, but, on the contrary, that on December 1, 1884, he became the tenant of the predecessor in title of the Chicago Terminal Transfer Railroad Company, and that the lease was genuine and valid. Litigation or controversy concerning those questions could not be renewed in the ejectment suit, and as the tenancy had been established Barrett was estopped to dispute the title of his landlord or its grantees, or to claim adversely to such title

without first surrendering possession. (*Ankeny* v. *Pierce*, Breese, 262; *Lowe* v. *Emerson*, 48 Ill. 160; *O'Halloran* v. *Fitzgerald*, 71 id. 53; *Sexton* v. *Carley*, 147 id. 269.) It would, therefore, not have been necessary for the landlord to go back of the decree to prove title as against the tenant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*