ERNEST UTES *et al.* Appellants, *vs.* CHARLES UTES, Exr. *et al.* Appellees.

*Opinion filed October 28, 1913—Rehearing denied Dec. 4, 1913.*

APPEALS AND ERRORS—*when appeal from probate court should go to the circuit court.* An appeal from an order of the probate court dismissing, without prejudice, a petition to determine the homestead rights of the petitioners in a certain estate should be taken to the circuit court instead of the Supreme Court, as the probate court is without jurisdiction to determine the matter presented and no order which it might make in that regard would present any question which would authorize an appeal to the Appellate Court or Supreme Court.

APPEAL from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding.

JAMES A. PETERSON, for appellants.

HUBERT HOWARD, (HERBERT HAASE, of counsel,) for appellees.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

On November 15, 1912, Joachim Utes died testate, leaving, among other heirs, appellants, Ernest Utes and Ethel Utes, his grandchildren. His will was admitted to probate, and letters testamentary were issued by the probate court of Cook county to Charles Utes, a son of the testator. Shortly afterwards appellants, by Ida Utes, their mother and next friend, filed a petition in the probate court of Cook county claiming an estate of homestead in the real estate left by the deceased and the right to a children's award out of his estate. The petition alleged that appellants were minors and were residing with their grandfather as members of his family, upon real estate owned by him, at the time of his death, and prayed that the executor of the will of Joachim Utes be instructed to inventory said real estate as subject to appellants' estate of homestead, and that the appraisers of the personal estate be instructed to report to the court a children's award for appellants. The executor answered the petition, and certain devisees answered, adopting as their own the answer of the executor. A hearing was had before the court and resulted in the entry of an order dismissing the petition without prejudice. Appellants have prosecuted this appeal from that order.

There is no question involved in this appeal which gives this court jurisdiction. The probate court has no jurisdiction to determine the homestead rights of appellants upon their own petition. They can have this question determined only in a court of equity. The question whether they were entitled to an estate of homestead in the lands of the tes-

tator would be in nowise determined by any order the probate court might make on this petition. This appeal should have been taken to the circuit court, as this is not of the class of cases in which, under our statute, appeals can be taken from the probate court to this or the Appellate Court.

The appeal is dismissed.    *Appeal dismissed.*