BARBARA SCHOTTLER, Admx., Appellee, *vs.* ELLEN M. QUINLAN *et al.*—(JACOB GLOS, Appellant.)

*Opinion filed June 16, 1914.*

1. CLOUD ON TITLE—*what is not sufficient prima facie proof of ownership.* The mere introduction in evidence of a deed from a person who is not otherwise shown to have had possession of or title to the property, and without proof of possession taken or the exercise of acts of ownership over the property by the grantee, is not sufficient *prima facie* proof of title to authorize the setting aside of a tax deed as a cloud on such title.

2. SAME—*administratrix must prove ownership by deceased on petition to sell land for debts and to remove cloud.* The probate court has jurisdiction to remove a cloud from the title of real estate sought to be sold by the administratrix to pay debts of the estate, but it is essential, in such case, that the administratrix make *prima facie* proof that the deceased had title to the land at his death.

APPEAL from the Probate Court of Cook county; the Hon. DANIEL H. GREGG, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

HENRY N. STOLTENBERG, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from the probate court of Cook county on a petition to sell real estate to pay debts. The petition alleges the property described therein belonged to Michael F. Quinlan, who died intestate July 17, 1912, leaving a widow but no children. He left no personal property to pay the widow's award, which was fixed at $1000. The original petition was filed May 16, 1913, and alleged that Jacob Glos, who, with others, was made a party defendant, bought the land described in the petition September 21, 1910, at a tax sale and received a certificate of purchase therefor; that two years had elapsed since the sale was made and that no redemption had been made from the sale. A supplemental petition was filed on September 26, 1913, which alleged that since the filing of the original petition Jacob Glos had applied for and received a tax deed for the property, dated August 23, 1913, but the petition alleges the tax deed is invalid and sets up several grounds upon which this allegation is based. The petition alleged the premises were vacant and unimproved. The answer of Jacob Glos denied all the material allegations of the petition except that he had bought the land at tax sale and had received a tax deed therefor. The answer denied that the deed was invalid, and alleged that Glos had a good title in fee simple to the premises by reason of his tax deed and that he was the owner of the property described in the petition. Upon a hearing of the issues made by the petition and answer a decree was entered for the sale of the property as prayed in the petition. The court found the tax deed of Glos was a cloud upon the title to said premises and decreed it be set aside and the title to said premises be quieted. The decree found the amount paid by Glos for the premises at the tax sale, the amount of taxes paid thereon since said sale, together with interest on said payments, and ordered the administratrix or the heirs of Mich-

ael F. Quinlan to pay to Glos, or to the clerk of the probate court for his use, the amount found due him, together with his costs, and that such payment be made at the date of the entry of the decree. This appeal is prosecuted from that decree by Jacob Glos.

The petition alleged, and the inventory of the property of Michael F. Quinlan, deceased, offered in evidence by the administratrix stated, the premises were vacant and unimproved. No proof upon this question was offered by the administratrix upon the hearing, and there was no proof that deceased or his grantors had ever been in possession of the property. To prove title in the deceased the administratrix offered in evidence a warranty deed from Katie A. O'Meara and John O'Meara, her husband, dated July 21, 1896, conveying to Quinlan the premises described in the petition. Appellant's contention is that the evidence was not sufficient to warrant the court in finding and decreeing that the property described in the petition was owned by Michael F. Quinlan during his lifetime, and that in the absence of such proof the probate court was not warranted in decreeing the removal of a cloud from the title. We think it must be conceded that it was incumbent upon the administratrix to prove title in her intestate in order to entitle her to ask for the removal of a cloud upon the title. The statute confers jurisdiction upon probate courts to remove clouds from the title to real estate sought to be sold for the payment of debts by an administrator, but this can only be done where the property belonged to the deceased. The administratrix was in no better position to ask for a removal of a cloud upon the title than the deceased would have been if he had sought its removal by a decree of a court during his lifetime. It would have been incumbent upon him, in such case, to have proved his ownership of the property, and it was just as indispensable for his administratrix to make the same proof. (*Hutchinson* v. *Howe,* 100 Ill. 11; *Glos* v. *Kenealy,* 220 id. 540; *Mc-*

*Gowan* v. *Glos,* 258 id. 217.) In our opinion the evidence was not sufficient to establish title in Michael F. Quinlan. The evidence offered and relied upon by the administratrix for this purpose was the deed from the O'Mearas to Quinlan and the inventory of the property of Quinlan filed by the administratrix, which stated the deceased acquired the fee simple title to the premises by warranty deed from Katie A. O'Meara and husband, John O'Meara, July 21, 1896, which deed was duly recorded July 27, 1896. The inventory was admitted over the objection of appellant. If it be conceded the inventory was competent on the question of title,—which we think it was not,—the proof offered was insufficient. It was incumbent upon the administratrix to prove possession by the grantors of Quinlan, or possession or acts of ownership by deceased under the deed from the O'Mearas. It has been decided that possession under a claim of ownership or a deed from a grantor in possession is sufficient *prima facie* proof of ownership to sustain a bill for the removal of a cloud from the title, but the mere production of a deed from a person who is not shown to have had possession of or title to the property, and without proof of possession taken or the exercise of acts of ownership over the property by the grantee, does not prove title. (*Hewes* v. *Glos,* 170 Ill. 436; *Glos* v. *Huey,* 181 id. 149; *Glos* v. *Miller,* 213 id. 22; *McGowan* v. *Glos, supra.*) There was no proof that the grantors of Quinlan had title to or possession of the property, or that Quinlan took possession of or exercised acts of ownership over the property under his deed.

The administratrix contends the testimony of Ellen F. Brogan shows Quinlan took possession of the property and occupied a little house on it for a while after acquiring his deed. We do not so understand the testimony of the witness. The property is described in the petition as lot 25 of the re-subdivision of block "S" of the re-subdivision of the Blue Island Land and Building Company of certain lots

and blocks in Morgan Park, Washington Heights, filed for record June 4, 1873, in book 4 of maps, page 98, and otherwise described as lot 25 in the re-subdivision of block "S" in Morgan Park, a subdivision of part of the south-west quarter of section 18 and of the west half of section 19, town 37, north, range 14, east of the third principal meridian, west of Prospect avenue, in Cook county, Illinois. Mrs. Brogan testified she knew the Quinlans when they lived in Morgan Park, on Remington avenue, in a little two-story house, having two rooms up-stairs and two rooms down-stairs; that they afterwards moved into the city and rented the house; that she thought they lived in the house about two years. This does not identify the property the Quinlans lived in on Remington avenue as the property described in the petition. Mrs. Quinlan testified that during the twenty-one years of their marriage they lived in several places in the city of Chicago or its suburbs, but she does not testify they at any time lived on or occupied the property described in the petition. It would seem probable that Mrs. Brogan's testimony did not refer to the property in controversy, because the inventory states, and the petition alleges, that it is unimproved, vacant property.

For the failure to prove *prima facie* title in Quinlan, which the law requires, we are compelled to reverse the decree of the probate court and remand the cause.

*Reversed and remanded.*