Henry Bauer, Trading as Belleville Tin and Sheet Metal Works, Appellee, v. Benton State Bank et al., Appellants.

at the February term, 1930.

Heard in this court

Opinion filed

May 21, 1930.

MOSES PULVERMAN and TURNER & HOLDER, for appellants.

EUGENE W. KREITNER, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This suit is brought here upon an appeal from a decree of the circuit court of St. Clair county. The appellee, Henry Bauer, filed his bill in that court on December 14, 1926, to foreclose a mechanic's lien against real estate described in the bill. The bill is based upon an oral contract with William C. Ludwig, the owner, and Iva Ludwig, his wife; the performance of the contract on the part of the appellee; the account showing all debits and credits and the balance of $442.45 still due on the contract; the dates of the delivery of materials and alleging the last material to have been delivered on February 22, 1926, and the filing of a verified claim for lien on May 27, 1926. The

bill suggests the death of William C. Ludwig since the making of the contract, the appointment of the Benton State Bank as his administrator; sets forth the terms of a mortgage lien to the Illinois State Trust Company, as trustee, and makes as defendants to said bill, Iva Ludwig, Benton State Bank as such administrator, Illinois State Trust Company, trustee, and Washington Theater Company, a corporation.

The defendants, Iva Ludwig and Benton State Bank, administrator of the estate of William C. Ludwig, deceased, filed a joint and several answer, and set up as a bar a certain proceeding in the county court of Franklin county, Illinois, wherein they claim the rights of the appellee were adjudicated upon. That proceeding was a petition to sell real estate to pay debts of William C. Ludwig, deceased, and was filed in the county court of Franklin county on September 21, 1926. The petition set forth the ownership of the real estate, the mortgage lien of the Illinois State Trust Company, trustee, the claim for mechanic's lien filed by the appellee, Henry Bauer, and alleged that said claim for lien was a cloud on the title to the premises, denied its validity, and prayed for its removal as a cloud and that the real estate be ordered sold. The defendant, appellee herein, was personally served with summons in said cause and defaulted. The county court rendered a decree finding that Henry Bauer was not entitled to a mechanic's lien, that his claim for lien be removed as a cloud on the title, and that the premises be sold.

The answer of the Illinois State Trust Company, trustee, also set up the same former adjudication of the lien question as a bar.

The cause was referred to a master in chancery, who, after hearing the evidence, reported that the complainant was entitled to a mechanic's lien and recommended decree for same in the sum of $442.45.

Objections were filed to the master's report, overruled and ordered to stand as exceptions. The exceptions were overruled by the circuit court, who sustained the master's report and entered a decree in favor of the complainant for a mechanic's lien, from which decree an appeal to this court is prosecuted.

A number of points are argued in the briefs, but we shall notice only one of these which in our opinion is controlling. Was the order and decree of the county court of Franklin county an adjudication of the claim for lien of Henry Bauer so that it is a complete defense to his bill to foreclose mechanic's lien brought in the circuit court of St. Clair county thereafter?

Paragraph 102 of chapter 3, Cahill's Rev. St. 1929, provides, "Such application shall be docketed . . . and the practice in such cases shall be the same as in cases in chancery. The court may . . . also settle and adjust all equities and all questions of priority between all parties interested therein, and may also investigate and determine all questions of conflicting or controverted title arising between any of the parties to such proceeding, and may remove clouds from the title to any real estate sought to be sold, and invest purchasers with a good and indefeasible title to the premises sold."

This section was a part of the Amendatory Act of June 15, 1887, which has been held to be a valid enactment and not in contravention of the constitution of the State. *Newell v. Montgomery,* 129 Ill. 58.

By this act the powers of the county and probate courts in all proceedings to sell lands for the payment of debts are greatly enlarged. The Supreme Court has frequently held that the county court under this act, on proper application, may settle all equities and all questions of priority between all parties interested, and generally exercise all the powers set forth in above paragraph 102 of the Administration Act in

order to invest purchasers with a valid title to the premises sold. *Lynn v. Lynn,* 160 Ill. 307; *Clayton v. Clayton,* 250 Ill. 433; *Schottler v. Quinlan,* 263 Ill. 637; *Hannah v. Meinshausen,* 299 Ill. 525.

The theory is that the estate in the land which it is proposed to sell can be sold more advantageously and with the expectation of realizing a better price, after the interests of all parties have been determined so that the purchaser may know precisely the nature and extent of the estate for which he is bidding. *Newell v. Montgomery, supra.*

A matter which has been adjudicated by a court of competent jurisdiction is deemed to be finally and conclusively settled in any subsequent litigation in a court of concurrent jurisdiction between the same parties, where the same question arises. *People v. Chicago, B. & Q. R. Co.,* 247 Ill. 340.

When a court having jurisdiction decides a controversy, the question involved is settled forever between the parties to the suit, and neither can again litigate with the other any fact or question actually or directly in issue which was passed upon and determined by the court. *Chicago Terminal Transfer R. Co. v. Barrett,* 252 Ill. 86.

In the case at bar when the application to sell the real estate to pay debts was filed in the county court of Franklin county, appellee Bauer had filed his claim for lien and was a necessary party to the proceeding. Bauer was personally served with summons and defaulted. The petition set forth Bauer's claim for lien in full and alleged its invalidity. It was necessary for the court to adjudicate the rights of Bauer on his claim for lien in order to invest the purchaser at judicial sale with a good and indefeasible title to the premises sold. The decree was entered by the county court on October 20, 1926, the terms of which were adverse to the contention of appellee.

On December 14, 1926, appellee filed his bill to foreclose in this cause. His rights had already been determined by the decree of a court of competent jurisdiction and he is barred from litigating this same question with appellants again in this proceeding.

From what we have said it follows that the decree of the circuit court will be reversed and the case remanded with directions to enter a decree dismissing the bill.

*Reversed and remanded with directions to dismiss the bill of complainant filed in the circuit court.*