Harold Rossiter, Appellant, v. Taylor G. Soper, Appellant, Walter A. Davis, Sr., Appellee, Josephine Salzer Elsner, Defendant.

Gen. No. 41,654.

608

Opinion filed January 7, 1942.    Rehearing opinion filed March 18, 1942.

MARCH & ROSSITER, of Chicago, for appellants; BENJAMIN F. MARCH, LYLE H. ROSSITER and W. D. SELLERS, all of Chicago, of counsel.

LLOYD M. BROWN and C. W. ARMSTRONG, both of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.
This is an appeal from that part of a decree of the Circuit Court of Cook county which found that the Probate Court did not have jurisdiction, upon the petition of an executrix to sell property for debts, to determine that a homestead estate did not exist in the property; and that the Probate Court did not have jurisdiction to sell the property free and clear of such homestead estate except as provided in the Exemptions Act.    Appeal is also taken from the decretal order finding that the defendant still owns a homestead in the property and that plaintiff has only an equitable estate, subject to such homestead.    The decree appealed from was entered pursuant to issue made on plaintiff's partition suit and reference to a master and confirmation of the master's report.    The plaintiff Rossiter and the defendant Soper have joined in this appeal.

Marie Salzer Davis died October 20, 1935, and left her husband Walter A. Davis, Sr., and her sister Josephine Salzer Elsner, both defendants, her only heirs-at-law.    At the time of her death she owned in fee certain real estate occupied by her and her husband as a residence.    The property was located at 4551 North Lowell avenue, Chicago, Illinois, and was stipu-

lated to be worth about $4,500. Her will provided, among other things, as follows:

"I give, devise and bequeath unto my beloved sister, Josephine Salzer Elsner, all my property, both real and personal, of which I may be possessed at the time of my decease, except such property as my husband, Walter A. Davis, Sr., is entitled to under the Inheritance Laws of the State of Illinois, which I give, devise and bequeath to him."

The will was admitted to probate and letters testamentary issued to Josephine Elsner, October 29, 1935. She, as executrix, filed a petition in the Probate Court on June 8, 1937, for leave to sell the property to pay debts of the estate. On August 8, 1937, such leave was given and September 8, 1937, the property, free and clear of homestead but subject to taxes, was sold to Taylor G. Soper for $2,200. The sale was approved by the Probate Court. The executrix then executed a deed to Soper and the latter subsequently conveyed a one-fourth interest to Harold Rossiter, the plaintiff.

Rossiter filed this partition suit alleging that Davis claimed an interest. Davis answered that he owned a homestead in the property, and had no notice of the proceedings in the Probate Court. He denied the jurisdiction of the Probate Court to sell the property free and clear of the homestead without his written assent and averred that he had not assented. He filed a cross-complaint praying for a decree for payment to him of $1,000 for his estate in the property. After the answer was filed plaintiff amended his complaint, praying that should he be directed to pay Davis $1,000, that he be reimbursed by the executrix.

The decree of sale in the Probate Court found that Davis was served with summons, did not appear and was defaulted; that the decedent owned the property in fee; that Davis failed to renounce under the will and took, in lieu of dower and homestead, an undivided

one-third of the property, subject to debts, etc. The decree further found there were no other liens and ordered a sale subject to taxes.

The partition decree, subject of this appeal, found that Davis did not renounce under the will; that he took no beneficial interest under the will and took nothing in lieu of homestead. The decree further found that he has a homestead interest in the property; that the Probate Court had no jurisdiction to order the sale free of the homestead interest of Davis; that the plaintiff should pay Davis $1,000, value of the homestead estate, within 60 days from the entry of the decree, otherwise plaintiff's prayer for partition to be denied.

It is the theory of Rossiter and Soper that section 101 of the Administration Act, gives the Probate Court full jurisdiction to determine whether Davis had a homestead estate; that the Probate Court having found that he did not, it had the power to order the property sold free and clear of any homestead; that written assent by the owner of the homestead is needed only when such an estate is found to exist; that the court having determined Davis had no homestead, the remedy which Davis had was in a direct appeal from the Probate Court and not in a collateral attack such as is made here. David contends, however, that the Probate Court has not the power to determine that a homestead does not exist; that it cannot order property sold unless the owner of the homestead therein gives written assent; that the law protects his homestead and that he need not have renounced under the will to protect it; that the Probate Court lacking jurisdiction, the question of the validity of its order is properly raised here.

The briefs present many points for both parties, but we believe those points are properly resolved into the following essential questions:

1. Did the Probate Court have power to determine whether Davis had a homestead estate in decedent's property; and

2. Did the Probate Court have power to order a sale of the property free of homestead in the absence of compliance with the provisions of the Exemptions Act, ch. 52, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.124].

There is apparently no disagreement between the parties upon the law that if the Probate Court had jurisdiction to enter the order of sale, such order may not be attacked in this collateral proceeding; that if the Probate Court did not have jurisdiction, the validity of the order of sale may be decided herein; that purchasers at such sale in the latter event are not protected against jurisdictional defects in the order of sale; that if Davis owned a homestead estate in the property, the Probate Court did not have jurisdiction to sell the property except in compliance with the provisions of the Exemptions Act.

In our search for the appropriate rule in this case we will not consider the question of the jurisdiction of the person of Davis. That question is not before us. The master made no finding with respect thereto and Davis did not object to the master's report nor file exceptions before entry of the decree nor in anywise preserve that question for review. The only jurisdictional question before us, therefore, is as to the subject-matter.

For the answers to the questions set forth above, we must look to certain statutes and the Constitution of the State of Illinois. The Constitution of 1870 provides in section 20 of Article VI, for the establishment of Probate Courts; and that when established, those courts shall have jurisdiction of cases of the sales of real estate of deceased persons for the payment of debts. These provisions are repeated substantially in the Probate Court Act, ch. 37, par. 303, Ill. Rev. Stat. 1939 (Smith-Hurd) [Jones Ill. Stats. Ann. 110.157]. When the Probate proceedings herein were had, the Administration of Estates Act, ch. 3, par. 99,

Ill. Rev. Stat. 1939 (Smith-Hurd) then in force gave power to the Probate Court to sell real estate where personalty is insufficient to satisfy the claims and expenses of the estate. Paragraph 100 establishes the mode of proceeding to such sale by petition of executor or administrator and provides that persons having or claiming interest therein, in possession or otherwise, shall be made parties; paragraph 101 prescribes the form of such petition; paragraph 102, section 101 [Jones Ill. Stats. Ann. 110.102], provides in part:

". . . The court may direct the sale of such real estate, disincumbered of all mortgage, judgment or other money liens that are due, and may provide for the satisfaction of all such liens out of the proceeds of the sale, and may also settle and adjust all equities, and all questions of priority, between all parties interested therein, and may also investigate and determine all questions of conflicting or controverted titles arising between any of the parties to such proceeding, and may remove clouds from the title to any real estate sought to be sold and invest purchasers with a good and indefeasible title to the premises sold. The court may, with the assent of any mortgagee of the whole or any part of such real estate, whose debt is not due, sell such real estate disincumbered of such mortgage, and provide for the payment of such mortgage out of the proceeds of such sale; and may also, with the assent of the person entitled to an estate in dower, or by the curtesy, or for life or for years, or of homestead to the whole or in part of the premises, who is a party to the suit, sell such real estate with the rest. But such assent shall be in writing and signed by such person and filed in the court wherein the said proceedings are pending. . . .

Rossiter and Soper contend that under a proper construction of the constitutional provision and the statutes above referred to, the Probate Court had jurisdiction to determine the validity of the claim of Davis

to a homestead estate. In support of their contention they cite *Schottler v. Quinlan,* 263 Ill. 637, wherein the Supreme Court upheld the power of a Probate Court to remove a tax lien from real estate upon a proceeding to sell decedent's real estate to satisfy debts. The decree of the Probate Court was reversed in that case but only because of lack of proof of decedent's ownership. Rossiter and Soper further refer us to *Bauer v. Benton State Bank,* 258 Ill. App. 332, wherein the Appellate Court for the Fourth District upheld the power of a County Court, in a proceeding to sell decedent's real estate for the payment of debts, to remove a mechanic's lien as a cloud on the title of decedent's real estate. In that case the Appellate Court advanced the theory upon which the power of the County and Probate Courts to exercise equitable action is based:

"The theory is that the estate in the land which it is proposed to sell can be sold more advantageously and with the expectation of realizing a better price, after the interests of all parties have been determined *so that the purchaser may know precisely the nature and extent of the estate for which he is bidding."*

Davis, to meet these contentions, urges the holding of the Supreme Court in *Utes v. Utes,* 260 Ill. 362. The court there held that the Probate Court had no jurisdiction to determine the homestead rights of certain heirs and that the question could be determined only in a court of equity. To distinguish that case from the one at bar and from those relied upon by plaintiff, it will suffice to say that in the *Utes* case, the proceeding was not an application to sell decedent's real estate for the payment of debts. The most recent Supreme Court decision upon the equitable jurisdiction of the Probate Court is *London & Lancashire Indemnity Co. v. Tindall,* 377 Ill. 308. The court there considered a decision of the Appellate Court, Fourth District, which reversed a decree of the Circuit Court upon the ground that the latter was without jurisdiction to entertain

the action for subrogation and equitable assignment. The Indemnity Company ·sought subrogation to the share of a defaulting original administrator who was also an heir in the estate. The Supreme Court reversed the Appellate Court, but held that it is beyond the power of a Probate Court to exercise original equi-'table jurisdiction, except in the zone created by section 20, Article VI of the Illinois Constitution of 1870 which includes matters affecting the administration of estates of decedents.

The instant appeal rests upon an order of the Probate Court entered pursuant to an application by the executrix to sell decedent's real estate for debts. The order found that the defendant had no homestead estate. Such a determination required the application of equitable powers. It seems unreasonable that the constitutional and statutory provisions conferring the powers hereinabove discussed should be construed so as to require the representative of an estate in an application to sell decedent's real estate for debts, to proceed first in equity in a separate court before invoking the power of the Probate Court to sell the property. Our courts hold that in such proceedings, Probate Courts properly exercise equitable powers. *Schottler v. Quinlan*, 263 Ill. 637; *Bauer v. Benton State Bank*, 258 Ill. App. 332. We are of the opinion, therefore, that the Probate Court in this case properly exercised its equitable jurisdiction in finding that decedent's property was free of defendant's claim of homestead. The action taken by that court was within the equitable zone created by the Constitution and provisions of the Probate and Administration of Estates Act.

We come now to the question of the jurisdiction of the Probate Court to sell the property without complying with the provisions of the Exemptions Act. It is agreed that Davis did not abandon or give up the homestead estate; nor did he assent in writing to the sale thereof; neither did the court set-off the estate nor require payment to Davis of the value of the home-

stead. It is evident, therefore, that the requirements of the Exemptions Act for extinguishing a homestead estate were not fulfilled. These requirements, however, presuppose the existence of a homestead estate. Obviously, when no such estate exists, no action is necessary to extinguish it. We have held that the Probate Court exercised its appropriate and lawful power in determining that Davis had no homestead estate in the property of the decedent. That decision of the Probate Court was not properly reviewed by the Circuit Court in this partition suit and the trial court erred in finding that Davis has a homestead in decedent's property and in finding that the sale to Soper was subject to that estate. Under the circumstances, the provisions of the Exemptions Act did not apply and nothing remained for the Probate Court to do after its finding on the claim of Davis except to order the sale of the property free of any homestead claim or estate. It ordered the sale, and rightfully so.

The decree of the Circuit Court is reversed and the cause is remanded with directions to enter a decree with findings not inconsistent with the views expressed in this opinion and granting the relief prayed for by plaintiff in his complaint and amended complaint for partition.

*Reversed and remanded with directions.*

BURKE, P. J., and HEBEL, J., concur.

### ON REHEARING.

This cause was before this court on a former appeal, and on January 7, 1942, an opinion was filed by this court in which the judgment of the Circuit Court was reversed and the cause remanded with directions.

We have carefully considered the points presented by counsel on rehearing and have decided to adhere to the decision in our former opinion. The judgment is, therefore, reversed and remanded with directions.

*Reversed and remanded with directions.*

BURKE, P. J., and HEBEL, J., concur.